**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: Tri-State Paper, Inc., | : | Chapter 11 |
| | : | |
| Debtor. | : | Bky. No. 23-13237 (PMM) |
| | : | |
| Tri-State Paper, Inc, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | Adv. No. 23-0095 (PMM) |
| Scarpinato's Cucina and Catering, LLC, | : | |
| | : | |
| Defendant. | | |

-----------------------------------------------------

## ORDER STRIKING ANSWER

**AND NOW**, upon consideration of the Letter filed by Defendant Scarpinato's Cucina and Catering, LLC to the Complaint filed in the above-captioned proceeding (doc. #9, the "Answer");

**AND**, the Defendant appearing to be a corporation;

**AND**, the corporation purporting to have filed the Answer pro se;

**AND**, the Answer being in the form of a letter dated December 21, 2023 and signed by Joseph Scarpinato, Owner;

**AND**, by virtue of federal law, e.g., 28 U.S.C. §1654, courts having held that a corporation must appear in a federal court through counsel and may not appear pro se. Rowland v. California Men's Colony, 506 U.S. 194, 201–02, (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through

licensed counsel.") (citations omitted); Simbraw, Inc. v. United States, 367 F. 2d 373 (3d Cir. 1966); MicroBilt Corp. v. Bail Integrity Sols., Inc., 2022 WL 2910462 (D.N.J. July 21, 2022);

Accordingly, it is hereby **ordered** that:

1) The Answer is **stricken**;

2) The Defendant shall have until **January 22, 2024** to file a proper answer through an attorney at law.

3) If the Defendant fails to respond to the Complaint as required by Paragraph 2 above, the Plaintiff may seek the entry of judgment by default.

**Date:** 1/2/24

_____
Hon. Patricia M. Mayer
United States Bankruptcy Judge